WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Frank Saul,<br><br>                Plaintiff,<br><br>v.<br><br>Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | No. CV-15-02378-PHX-ESW<br><br>**ORDER** |

      Pending before the Court is Daniel Frank Saul's ("Plaintiff") appeal of the Social Security Administration's ("Social Security") denial of his application for disability insurance benefits. The Court has jurisdiction to decide Plaintiff's appeal pursuant to 42 U.S.C. § 405(g). Under 42 U.S.C. § 405(g), the Court has the power to enter, based upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing. Both parties have consented to the exercise of U.S. Magistrate Judge jurisdiction. (Doc. 14).

      The parties do not dispute that this case should be remanded to the Commissioner of Social Security as the Administrative Law Judge's ("ALJ") decision contains harmful legal error. The parties, however, dispute whether the case should be remanded for

further proceedings or for an immediate award of benefits. After reviewing the Administrative Record ("A.R") and the parties' briefing (Docs. 23, 27, 28), the Court finds that it is appropriate to remand the case for an immediate award of benefits.

# I. DISCUSSION

### A. Procedural Background

Plaintiff, who was born in 1965, has been employed as a floor layer, floor-covering salesperson, and salesperson for horticultural and nursery products. (A.R. 56, 65). In October 2012, Plaintiff filed an application for disability insurance benefits. (A.R. 65). Plaintiff's application alleged that on September 22, 2011, he became unable to work due to (i) spinal stenosis; (ii) degenerative joint disease; (iii) arthritis; (iv) cervical stenosis; (v) right leg injury; (vi) right hip injury; (vii) right ulnar nerve disability; (viii) hypertension; (ix) depression; (x) anxiety; and (xi) thyroid disease. (*Id.*). Social Security denied the applications on February 6, 2013. (A.R. 100-07). In August 2013, upon Plaintiff's request for reconsideration, Social Security affirmed the denial of benefits. (A.R. 108-10, 111). Plaintiff sought further review by an ALJ, who conducted a hearing in June 2013. (A.R. 32-63, 112-13).

In his June 10, 2014 decision, the ALJ found that Plaintiff is not disabled within the meaning of the Social Security Act. (A.R. 9-31). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Social Security Commissioner. (A.R. 1-6, 7-8). On November 21, 2015, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 405(g) requesting judicial review and reversal of the ALJ's decision.

### B. The ALJ's Decision Contains Harmful Legal Error

In his Opening Brief (Doc. 23), Plaintiff contends that the ALJ (i) improperly rejected the opinion of Plaintiff's treating psychiatrist, Dr. S. Patel, and (ii) failed to provide specific, clear, and convincing reasons supported by substantial evidence when rejecting Plaintiff's symptom testimony. Although Defendant concedes that the ALJ's decision is not supported by substantial evidence, Defendant appears to dispute Plaintiff's

contention that the ALJ improperly rejected Dr. Patel's opinion, asserting that "the ALJ's rejection of Dr. Patel's opinion is based on appropriate reasoning, and well-supported by the record." (Doc. 27 at 7). The Court need not resolve the dispute, however, as the following discussion explains that the ALJ committed harmful error by failing to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's symptom testimony.

The parties do not dispute the ALJ's finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (A.R. 18). Where, as here, there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain "only if he makes specific findings stating clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Appropriate considerations for determining a claimant's credibility include:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id.* at 1284.

In explaining why he found Plaintiff's testimony not credible, the ALJ stated that Plaintiff "has not generally received the type of medical treatment one would expect for a totally disabled individual" and that Plaintiff's treatment records "reveal the claimant received routine, conservative and non-emergency treatment." (A.R. 18). Yet the record shows that Plaintiff has received several surgeries, including a 2012 cervical fusion, and has regularly been prescribed narcotic pain medication. (*See, e.g.*, A.R. 518, 924, 931-32, 935, 939, 1056). The ALJ's finding that Plaintiff has received routine, conservative treatment is not supported by substantial evidence in the record. *See Lapeirre-Gutt v. Astrue*, 382 F. App'x 662, 664 (9th Cir. 2010) (reversing ALJ's adverse credibility

finding as unsupported by substantial evidence based on plaintiff's history of cervical fusion surgery in an attempt to relieve her pain symptoms followed by narcotic pain medications, occipital nerve blocks, and trigger point injections); *Tunstell v. Astrue*, No. CV 11-9462-SP, 2012 WL 3765139, at *4 (C.D. Cal. Aug. 30, 2012) (rejecting the ALJ's finding that plaintiff received only conservative treatment where the plaintiff was using narcotic pain medication as prescribed and was found to be a candidate for neurosurgical intervention); *Oldham v. Astrue*, No. CV 09-1431-JEM, 2010 WL 2850770, at *9 (C.D. Cal. July 19, 2010) (noting that epidural steroid injections are "performed in operation-like settings" and not a form of conservative treatment). Further, a claimant's own testimony of disabling pain cannot be discredited "merely because [it is] unsupported by objective evidence." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

In explaining why he found Plaintiff's testimony not credible, the ALJ cited evidence regarding Plaintiff's daily activities. The ALJ found that Plaintiff "has engaged in a somewhat normal level of daily activity and interaction," stating that "claimant admitted activities of daily living including he lives with family, and goes shopping with his daughter." (A.R. 17). The ALJ stated that "[i]n function reports [Plaintiff] acknowledged he maintains his area, does light cleaning chores, feeds and walks pets, goes out daily, goes out alone, uses public transportation, walks, shops in stores biweekly, can handle his finances, watches television, socializes . . . ." (*Id.*). However, Plaintiff's function reports state that (i) Plaintiff's sister assists Plaintiff in caring for his dog; (ii) pain makes it difficult for Plaintiff to complete daily activities; and (iii) Plaintiff is "heavily medicated thru out [sic] the day." (A.R. 216-23, 251-59). Moreover, a claimant "need not be completely bedridden or unable to perform any household chores to be considered disabled." *Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir. 1988) (citing *Yawitz v. Weinberger*, 498 F.2d 956, 960 (8th Cir. 1974)). The Court does not find a material contradiction between Plaintiff's daily activities and his subjective pain testimony. Based on the record, the Court finds that the ALJ improperly relied on evidence of Plaintiff's daily activities for discounting Plaintiff's symptom testimony.

Regarding ordinary techniques for evaluating Plaintiff's credibility, the ALJ does not cite any evidence indicating that Plaintiff has a reputation for lying and does not cite any inconsistent statements Plaintiff has made about his symptoms. "Sheer disbelief" of the severity of a claimant's symptoms "is no substitute for substantial evidence." *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).

The Court finds that the ALJ failed to provide specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony regarding his symptoms. This error is harmful and requires the Court to remand the case to the Commissioner.

### C. The Case Will Be Remanded for an Award of Benefits

Ninth Circuit jurisprudence "requires remand for further proceedings in all but the rarest cases." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014). The Ninth Circuit, however, has adopted a test to determine when a case should be remanded for payment of benefits in cases where an ALJ has improperly rejected claimant testimony or medical opinion evidence. *Id*. at 1100-01; *Garrison*, 759 F.3d at 1020. This test is commonly referred to as the "credit-as-true" rule, which consists of the following three factors:

1. Has the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion? *Treichler*, 775 F.3d at 1100-01.

2. Has the record been fully developed, are there outstanding issues that must be resolved before a disability determination can be made, or would further administrative proceedings be useful? *Id*. at 1101. To clarify this factor, the Ninth Circuit has stated that "[w]here there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Id*.

3. If the improperly discredited evidence were credited as true, would the ALJ be required to find the claimant disabled on remand? *Id*.; *Garrison*, 759 F.3d at 1020.

- 5 -

Where a court has found that a claimant has failed to satisfy one of the factors of the credit-as-true rule, the court does not need to address the remaining factors. *Treichler*, 775 F.3d at 1107 (declining to address final step of the rule after determining that the claimant has failed to satisfy the second step). Moreover, even if all three factors are met, a court retains the discretion to remand a case for additional evidence or to award benefits. *Id.* at 1101-02. A court may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Garrison*, 759 F.3d at 1021. In *Treichler*, the Ninth Circuit noted that "[w]here an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." 775 F.3d at 1105.

After examining the record, the Court finds no outstanding issues of fact to be resolved through further proceedings. Plaintiff has consistently reported severe pain since the alleged disability onset date.[1] (*See, e.g.*, A.R. 565, 800, 978, 1061, 1077, 1092). If Plaintiff's testimony regarding the severity of his pain is credited-as-true, the ALJ would be required to find that Plaintiff is disabled. The Court does not find any material evidence in the record that creates serious doubt that Plaintiff is in fact disabled. Therefore, based on the record, the Court finds it inappropriate to remand the case for further proceedings. *See Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility.") (citation omitted). The Court will remand the case for an immediate award of benefits effective September 22, 2011 (the disability onset date).

---

[1] Although Plaintiff reported some pain relief after his cervical fusion, the record indicates that the relief was short-lived. (A.R. 978, 1092).

## II. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** reversing the decision of the Commissioner of Social Security and remanding this case to the Commissioner for an immediate award of benefits effective September 22, 2011.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly.

Dated this 27th day of February, 2017.

_____
Eileen S. Willett
United States Magistrate Judge